# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BENJU BASBA, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:19-cv-00380-PX |
| LIU XUEJIE, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION AND ORDER

On June 3, 2019, the Court ordered Plaintiffs to show good cause by June 17, 2019, why this case should not be dismissed for failure to comply with the service requirements set forth in Federal Rule of Civil Procedure 4(m). ECF No. 3.

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If a defendant has not been served within this time frame, the Court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). However, if a plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010).

Good cause generally amounts to "the interference of some outside factor [that] prevented the otherwise-diligent plaintiff from complying with" Rule 4(m). *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trs.*, No. DKC 12-3228, 2013 WL 3072373, at *2 (D. Md. June 17, 2013). To meet this good cause standard, a plaintiff must demonstrate that he exercised "reasonable diligence in trying to effect service." *Jones v. Sears, Roebuck & Co.*, No. DKC 15-3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016). Inadvertence or carelessness does not suffice. *Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 n.9 (D. Md. 2001).

Plaintiffs aver that they have attempted to serve Defendant Liu Xuejie at least seven times. Plaintiffs have hired a process server and investigators to "follow a trail of her properties and vehicles." ECF No. 4 at 2. Given these attempts, Plaintiffs have exercised reasonable diligence in trying to effect service. *See Joe Hand Promotions, Inc. v. Novak*, No. 2:12-cv-00249-PMD, 2012 WL 5077578, at *3 (D.S.C. Oct. 18, 2012). Thus, Plaintiffs have demonstrated good cause to extend the time for service as to Xuejie.

Defendant Liu Xuelin appears to maintain residences in four separate countries in the Far East, according to Plaintiffs' investigators. ECF No. 4 at 2. Plaintiffs "believe that they have found Defendant Xuelin's present location and have initiated the service process, which may require involving the Central Authority in the foreign nation." *Id.* Because Plaintiffs are attempting to serve Xuelin overseas, the strict time limitations proscribed by Rule 4(m) do not apply. Fed. R. Civ. P. 4(m); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, No. AW-10-2352, 2011 WL 4102084, at *3–4 (D. Md. Sept. 13, 2011) (noting that plaintiffs "must still act diligently and effectuate service abroad within a reasonable period of time"). Rather, Plaintiffs must demonstrate diligence in effecting service. Plaintiffs have requested until August 1, 2019 to effect service. Plaintiffs' ongoing service efforts reflect the requisite diligence. The Court grants the request. ECF No. 4 at 3–4.

Accordingly, it is this 18th day of June 2019, by the United States District Court for the District of Maryland, ORDERED that Plaintiffs serve Defendants on or before August 1, 2019.

| | |
|---|---|
| 6/18/2019 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |